J. G. CIPRIAN, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed April 6, 1917.

1. In a prosecution for obtaining goods under false pretenses written instruments not relevant to the issue being tried are properly excluded on objection when offered in evidence.

2. Where a charge is that the defendant with intent to defraud did wilfully and falsely represent that he was the owner of a chattel exchanged for another chattel, it is not error to exclude evidence and to refuse a charge as to the defendant's right to sell the chattel that was in fact the property of another.

3.  It is not error to refuse a charge that is covered by a charge given.

4.  Where the evidence is ample to sustain a verdict that is not manifestly against the weight and probation force of the testimony and no prejudicial errors of law or procedure appear, the judgment will be affirmed.

Writ of Error to Circuit Court for Jackson County; Cephas L. Wilson, Judge.

Judgment affirmed.

*J. M. Calhoun* and *Moses Guyton,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *Glenn Terrell,* Assistant, for the State.

PER CURIAM.—Ciprian was convicted of the statutory offense of obtaining property under false pretenses, and took writ of error.

The indictment charges that the defendant with the intent to injure and defraud did wilfully and falsely pretend and represent that he was the owner of a certain piano then in his possession, and that he had a good right to sell and convey the same and had a good right to trade and barter it, and that it was unencumbered, and did offer to trade said piano to a named person for a certain automobile, the property of such person, of the value of $250.00, and that such person not knowing the piano was not the property of the defendant, and believing the statements of the defendant that the piano was his property, and relying upon the same to be true, did swap and trade the automobile to defendant for the piano, and did then

and there deliver said automobile of the value aforesaid to the defendant in exchange for said piano, when in truth and fact the piano was not the property of the defendant and the defendant had no authority to swap the piano for the automobile, the piano was the property of the Starr Piano Company, and the defendant knew his said representation was false and did thereby defraud such named person out of the automobile. Trial was had on a plea of not guilty.

The court properly excluded letters and a contract that were not relevant to the issue made.

A requested charge including the proposition that if the defendant had a right to sell the piano the purchaser would not be defrauded whether the defendant's principal accepted or approved of said sale or not, was properly refused, it not being material or relevant to the issue as made. A refused charge as to the necessity of an intent to defraud was not error, as a charge on this subject was given.

Objection was sustained to a question asked the defendant if he had a right to sell the piano. As the issue made by the pleadings and evidence was whether he owned the piano and had a right to trade and barter it, evidence as to whether he had "a right to sell that piano" was not material. The defendant offered no evidence that he owned the piano with a right to barter it.

The evidence is ample to sustain the charge brought under the statute providing that "whoever designedly by false pretense and with intent to defraud obtains from another person any property * shall be punished," etc. Sec. 3319 Gen. Stats. of 1906, Florida Compiled Laws, 1914.

Judgment affirmed.

BROWNE, C. J., and TAYLOR, SHACKLEFORD, WHIT-FIELD and ELLIS, JJ., concur.